UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

KINSLEY JEAN-BAPTISTE,

       Plaintiff,
v.

ROX ENTERPRISES, INC.,
MARGARET S. ARNESON,
RICKY ARNESON,

       Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, KINSLEY JEAN-BAPTISTE, brings this action against Defendants, ROX ENTERPRISES, INC., MARGARET S. ARNESON, and RICKY ARNESON, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1.    Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.    At all times material hereto, Plaintiff KINSLEY JEAN-BAPTISTE was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3.    At all times material hereto, Plaintiff engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA through his maintenance of machinery and equipment at premises where goods regularly are produced for commerce and where goods are regularly shipped or received in interstate commerce.

4.    At all times material hereto, Defendant, ROX ENTERPRISES, INC., was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of air conditioning and refrigeration repair, at all times material hereto was the "employer" of

1

Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. Defendant, MARGARET S. ARNESON, is a resident of Broward County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, ROX ENTERPRISES, INC.; said Defendant acted and acts directly in the interests of Defendant, ROX ENTERPRISES, INC., in relation to said co-Defendant's employees. Defendant effectively dominates ROX ENTERPRISES, INC. administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, MARGARET S. ARNESON was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

6. Defendant, RICKY ARNESON, is a resident of Broward County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, ROX ENTERPRISES, INC.; said Defendant acted and acts directly in the interests of Defendant, ROX ENTERPRISES, INC., in relation to said co-Defendant's employees. Defendant effectively dominates ROX ENTERPRISES, INC. administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, RICKY ARNESON was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

7. In justifiable reliance upon Defendants' representations and promises, Plaintiff KINSLEY JEAN-BAPTISTE accepted employment and began working for Defendants as an air conditioning technician.

8. Defendants did not pay Plaintiff the full and proper overtime wages for all overtime hours that Plaintiff worked.

9. Defendants did not pay Plaintiff the full and proper minimum wages for all hours that Plaintiff worked.

10. During Plaintiff's employment, Defendants did not pay Plaintiff for travel time from Defendants' business to Defendants' first worksite, travel time between Defendants' worksites, and travel time from Defendants' last worksite back to Defendants' business.

11. During Plaintiff's employment, Defendants routinely paid Plaintiff for less hours than he actually worked.

12. The records, if any, concerning the date range of Plaintiff's employment, the number of hours Plaintiff actually worked, and the compensation actually paid to Plaintiff are in the possession and/or control of Defendants.

13. Defendants have knowingly and willfully refused to pay Plaintiff his legally-entitled wages.

14. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

15. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

16. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-15 above as if set forth herein in full.

17. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

18. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esquire
Bar No.: 74791