UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-61928-civ-Cohn/Seltzer

KINSLEY JEAN-BAPTISTE,

    Plaintiff,

v.

ROX ENTERPRISES, INC.,
MARGARET S. ARNESON,
RICKY ARNESON,

    Defendants.
_____/

## MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff, Kinsley Jean-Baptiste, by and through undersigned counsel, file this Motion for Approval of Parties' Settlement Agreement, and Dismissal with Prejudice and respectfully state as follows:

In the Eleventh Circuit, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *See* Lynn's Food Stores, Inc., 679 F.2d at 1350. To approve the settlement, the court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.*; *see also* Sneed v. Sneed's Shipbuilding, Inc., 545 F.2d 537, 539 (5th Cir. 1977).

In order to avoid the costs and uncertainty of litigation, the Parties have negotiated a settlement in this matter. Counsel have engaged in extensive settlement negotiations and informal discovery. Plaintiff recognizes that there are jurisdictional issues as to both enterprise and individual coverage pursuant to *Thorne v. All Restoration Servs.,* 448 F.3d 1264 (11th Cir. 2006).

As such, Plaintiff may not have recovered anything had this litigation continued. Therefore, in order to avoid additional costs and the uncertainty of litigation, the Parties have agreed to a settlement amount listed in the attached settlement agreement. The amount received by Plaintiff pursuant to the settlement agreement is more than he would have likely recovered had the case gone to trial for the aforementioned reason.

WHEREFORE, the parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement agreement; (2) dismissing this action with prejudice **with the Court to retain jurisdiction to enforce the terms of the agreement**.

Respectfully submitted,

Dated: March 10, 2015

KOZ LAW, P.A.
*Counsel for Plaintiff*
320 SE 9th Street
Ft. Lauderdale, Florida 33316
Tel: (786) 924-9929
Fax: (786) 358-6071

By: /s/ *Elliot A. Kozolchyk*
　　Elliot A. Kozolchyk, Esq.
　　Florida Bar No.: 74791

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on March 10, 2015 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

_____
Elliot Kozolchyk, Esq.

## SERVICE LIST

Margaret S. Arneson, Esq.
*Counsel for Defendants*
Law Offices of Margaret S. Arneson, P.A.
300 S Pine Island Rd Ste 237
Plantation, FL 33324-2631
Tel:     (954) 472-5077
Email:   margaretsarnesonpa@att.net